IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

MELANIE M. FARRIS,　　　　　　　　　　　　　TAMPA DIVISION
　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　Case No.
v.

CREDIT CONTROL, LLC,　　　　　　　　　　　　**JURY TRIAL DEMANDED**
　　　　　Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.　　Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereinafter "FCCPA"); these laws prevent debt collectors and persons, respectively, from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

### II.　　Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III.　　Parties

4. Plaintiff, MELANIE M. FARRIS (hereinafter "Plaintiff"), is a natural person who resides in the County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, CREDIT CONTROL, LLC (hereinafter "Defendant" or "Credit Control"), is a for-profit entity organized under the laws of Missouri, with its principal place of business located at 5757 PHANTOM DRIVE, SUITE 330, HAZELWOOD MO 63042; Defendant Credit Control is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another, and is also an "out-of-state consumer debt collector," as that term is defined by F.S.A. § 559.55(8), as its business activities in Florida involve both collecting or attempting to collect consumer debt from debtors located in Florida by means of interstate communication originating from outside of this state.

### IV.     Factual Allegations

6. On or about September 28, 2010 Plaintiff received a letter from Defendant Credit Control seeking payment of a debt originally owed to Chase Bank USA. *A copy of this letter is attached as Exhibit "A"*

7. Plaintiff incurred this debt primarily for personal, family, or household purposes, and therefore is a "debt" or "consumer debt," as those terms are defined by 15 U.S.C. § 1692a(5) and F.S.A. § 559.55(1).

8. The letter explained that there was a balance due of $16,078.30, and gave three options for Plaintiff to "settle" the debt. *See Exhibit "A"*

9. The least expensive option to settle required Plaintiff to commit to a payment plan of $1,339.86 per month, for six months. *See Exhibit "A"*

10. The letter stated that Defendant Credit Control will take the "necessary measures to collect this account. *See Exhibit "A"*

11. The letter was titled "FINAL NOTICE" and dated September 23, 2010. *See Exhibit "A"*

12. Upon reading this letter Plaintiff called the number listed in the letter and spoke with a male representative of Defendant Credit Control.

13. Plaintiff advised the representative that she was currently unable to pay any amount due to recent illnesses and recent hospital stays.

14. The representative explained that she had to do "something" to pay it off and asked Plaintiff if she could borrow the money from another person to pay Defendant.

15. Plaintiff explained that she had nobody to borrow money from.

16. Plaintiff then asked what would happen to her if she did not pay them.

17. The representative proceeded to explain to Plaintiff that if she did not pay, then Defendant Credit Control would obtain a judgment against her, taking her wages and taking anything else she owned.

18. Plaintiff explained that she owned nothing of value; only a vehicle which currently had over 200,000 miles on the odometer.

19. The representative threatened Plaintiff that she had one day to let Defendant know what she was going to do about the debt.

20. Based on the representations of Credit Control's employee/agent, Plaintiff ended the call fearful that if she did not come up with $1,339.86 by the next day that a lawsuit would be filed against her and that she would lose everything that she owned, including her home.

21. Plaintiff became sick to her stomach when thinking about the threats made by the representative and what would happen if she lost her home.

22. As a result of the intense fear and stress that she experienced, Plaintiff missed several days of work in order to visit her doctor.

23. Defendant Credit Control's attempts to collect this debt caused Plaintiff actual damages in the forms of stress, worry, and fear of how she would be able to pay the large sum of money requested by Defendant, in order to protect her belongings.

24. To date, Plaintiff has neither paid off the account nor entered into a "settlement option" arrangement with Defendant Credit Control.

25. To date, upon information and belief, a lawsuit has not been filed against Plaintiff regarding this debt.

26. Despite the September 23, 2010 letter being titled "FINAL NOTICE," as Plaintiff did not enter a settlement arrangement with Defendant Credit Control, Defendant sent a second dunning letter to Plaintiff, dated November 4, 2010, which contained similar language and the same three "settlement options" as the September 23, 2010 letter. *A copy of this second letter is attached as Exhibit "B"*

27. Titling a collection letter as "FINAL NOTICE," when it indeed was not the final notice that was to be sent by Defendant Credit Control is a deceptive practice, in violation of the FDCPA.

28. Defendant Credit Control's false threat to file a lawsuit when it had no intention of doing so is a violation of the FDCPA.

29. Defendant Credit Control's willful threat to file a lawsuit against Plaintiff, when it had no intention of doing so, can reasonably be expected to abuse or harass Plaintiff, in violation of the FCCPA.

30. Defendant Credit Control's deceptive representations that Plaintiff had only one day to decide her course of action can reasonably be expected to abuse or harass Plaintiff, in violation of both the FDCPA and FCCPA.

31. All acts or omissions of the employees/agents of Defendant Credit Control were performed within the scope of their respective employment/agency with Defendant, thus subjecting Defendant to vicarious liability for these acts under the doctrine of respondeat superior.

## FIRST CLAIM
## Violation of the Fair Debt Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

32. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

33. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d generally, 1692e generally, 1692e(4), 1692e(5), 1692e(10), and 1692f(6)(B).

34. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and costs together with a reasonable attorney's fees.

## SECOND CLAIM
## Violation of the Florida Consumer Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

35. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

36. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, F.S.A. §§ 559.72(7).

37. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and costs together with a reasonable attorney's fees.

## V. Request for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

a. Declaratory judgment that Defendant's acts constituted violations of the FDCPA and FCCPA;

b. Actual damages, pursuant to 15 U.S.C. § 1692k(1) and F.S.A. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A) and F.S.A. § 559.77(2);

d. Punitive damages, pursuant to F.S.A. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3) and F.S.A. § 559.77(2); and

f. Such other and further relief as may be just and proper.

Respectfully submitted, this 8th day of December, 2010.

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
Joseph B. Battaglia, Fla. Bar No.: 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Ste. A
Brandon, Florida 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
Joseph B. Battaglia, Fla. Bar No.: 0058199